IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NEIL PATEL | : | |
| | : | |
| v. | : | CIVIL NO. L-04-3359 |
| | : | |
| TOMMY G. THOMPSON, Secretary | : | |
| of the U.S. Department of Health and | : | |
| Human Services, et al. | : | |

**MEMORANDUM**

Pending in this discrimination suit is Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment. The issues have been fully briefed by the parties, and no oral argument is necessary. See Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will, by separate Order, GRANT IN PART and DENY IN PART Defendants' motion, without prejudice to refiling as a motion for summary judgment at the close of discovery.

**I.   Background**

The Complaint alleges the following: After receiving a masters degree in biomedical science, Plaintiff Neil Patel ("Patel") contacted Dr. Lucy M. Anderson at the National Cancer Institute ("NCI") to inquire whether he could perform his PhD research under her tutelage. NCI is an Institute within the National Institutes of Health, which is part of the U.S. Department of Health and Human Services ("DHHS").

Patel alleges that Dr. Anderson initially expressed interest in hiring him. However, when she learned that Patel had a learning disability, she told him that she was not going to hire him because "a person with a learning disability would not be able to keep up, however bright and motivated."

(Compl. at 2.)

Patel then sued NCI and DHHS officials, alleging disability discrimination. His Complaint contains the following two counts: (i) Count One - discrimination under Section 504 of the Rehabilitation Act of 1973; and (ii) Count Two - discrimination under the Americans with Disabilities Act ("ADA").

Although Patel filed his lawsuit in the Northern District of Georgia, that court transferred the case to the District of Maryland on the ground that venue was improper in Georgia. Before the transfer, and despite the fact that discovery had not yet commenced, Defendants filed the instant Motion to Dismiss or, Alternatively, for Summary Judgment, arguing that: (i) Patel cannot establish a prima facie case of disability discrimination under the Rehabilitation Act; and (ii) the United States does not fall within the scope of the ADA. Since the transfer of the case to this Court, the parties have supplemented their briefs with relevant Fourth Circuit law. The motion is now ripe for decision.

**II.    Standards**

**A.    Motion to Dismiss Standard**

Ordinarily, a complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of its claim which entitle it to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995). The liberal pleading requirements of Rule 8(a) demand only a "short and plain" statement of the claim. In evaluating such a claim, the Court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969). In essence, the legal theory

articulated, or even suggested, by the non-moving party must be one that could not be the basis for a ruling in that party's favor.

### B.      Summary Judgment Standard

The Court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (recognizing that trial judges have "an affirmative obligation" to prevent factually unsupported claims and defenses from proceeding to trial). Nevertheless, in determining whether there is a genuine issue of material fact, the Court must view the facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party.  Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987).

## III.    Analysis

### A.      Count One - Rehabilitation Act

Defendants argue that Patel cannot establish a prima facie case of disability discrimination under the Rehabilitation Act.  To establish a prima facie case, Patel must establish that (i) he has a disability, (ii) he is otherwise qualified for the position, and (iii) he was excluded from the position solely on the basis of his disability.  Doe v. University of Md. Med. Sys. Corp., 50 F.3d 1261, 1265 (4th Cir. 1995).  Defendants contend that Patel cannot prove that he has a disability or that there was a PhD research position available when he contacted Dr. Anderson.  Defendants attach various exhibits to support their argument, and they urge the Court to consider the Motion to Dismiss as one for Summary

3

Judgment pursuant to Federal Rule of Civil Procedure 56(c).

The Court declines Defendants' invitation. Defendants' argument, while potentially dispositive, is premature. The Court has not yet issued a scheduling order, and discovery, therefore, has not yet commenced. Whether an individual is disabled under the law and whether a position was in fact available are fact-intensive inquiries. Because the parties have not conducted any discovery, the record regarding these issues is incomplete. Accordingly, the Court will DENY Defendants' motion as to Count One, without prejudice to refiling as a motion for summary judgment at the close of discovery.

### B. Count Two - ADA

Defendants ask the Court to dismiss Patel's ADA claim, arguing that the United States is excluded from the scope of the Act and this Court, therefore, lacks subject matter jurisdiction. Defendants are correct that the federal government cannot be sued under the ADA.[1] Moreover, in his opposition brief, Patel states that he is dismissing his claim under the ADA. Accordingly, the Court will GRANT Defendants' motion to dismiss as to Count Two and DISMISS Patel's ADA claim.

## IV. Defendant Tommy G. Thompson

Plaintiff's suit names the following defendants: (i) Tommy G. Thompson, in his official capacity as Secretary of DHHS, and (ii) Andrew C. vonEschenbach, in his special capacity as Director of NCI.

---

[1] See Jones v. American Postal Workers Union, 192 F.3d 417, 424 (4th Cir. 1999) ("Notably, both the ADA and Title VII's definition of employer expressly exclude the United States."). United States officials, such as Defendants in this suit, however, can be sued under the Rehabilitation Act in their official capacity. See Mills v. Barreto, 2004 WL 3335448, at *3 (E.D. Va. 2004) (stating that head of federal agency is the proper defendant); Lassiter v. Reno, 885 F. Supp. 869, 873 (E.D. Va. 1995) (allowing plaintiff to assert Rehabilitation Act claims against Attorney General of the United States in her official capacity).

On January 26, 2005, after Patel filed his suit, Michael O. Leavitt was sworn in as the Secretary of DHHS, succeeding Tommy Thompson.  Accordingly, within two weeks from the date of this Memorandum, Counsel shall FILE a joint status report stating (i) whether Patel will amend his Complaint to substitute Mr. Leavitt as a defendant in place of Mr. Thompson; and (ii) whether Defendants would oppose such an amendment.  The status report shall also propose deadlines for the above amendment of the Complaint and for Defendants to file their answer.

**V.     Conclusion**

For the foregoing reasons, the Court will, by separate Order, (i) DENY Defendants' motion as to Count One, without prejudice to refiling as a motion for summary judgment at the close of discovery; (ii) GRANT Defendants' motion as to Count Two; (iii) DISMISS Count Two; and (iv) ORDER Counsel to file the status report discussed above.  Discovery will proceed according to a scheduling order that is being issued forthwith.


Dated this 20th day of July, 2005.

_____/s/_____
Benson Everett Legg
Chief Judge